UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BELL,

    Petitioner,                    Civil No. 05-CV-74318-DT
                                       HONORABLE GEORGE CARAM STEEH
v.                                      UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

James Bell, ("Petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence for operating a motor vehicle while under the influence of liquor (O.U.I.L.), third offense, M.C.L.A. 257.625. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I. Background

Petitioner pleaded *nolo contendere* to the above charge in the Delta County Circuit Court. Petitioner was sentenced to twenty three months to five years in prison. Petitioner's conviction and sentence was affirmed on appeal. *People v. Bell,* 257372 (Mich.Ct.App. October 28, 2004); *lv. den.* 472 Mich. 939; 698 N.W. 2d 393 (2005).

1

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> The defendant-appellant should be re-sentenced because the sentencing court did not duly consider the facts that the defendant-appellant had an ongoing severe substance abuse problem with no apparent significant treatment and the Department of Corrections' recommendations, along with other mitigating factors.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424

F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner claims that the sentence of twenty three months to five years that was imposed in this case was disproportionate, because the trial court failed to consider mitigating factors on his behalf and sentenced him at the upper end of his sentencing guidelines range, ignoring the probation department's recommendation of twelve months incarceration in the county jail.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); *aff'd* 99 Fed. Appx. 568 (6th Cir. 2004); *cert. den.* 125 S. Ct. 661 (2004). The offense of O.U.I.L., third offense is punishable by a sentence of up to five years in prison. A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744. As a general rule, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *Dennis v. Poppel*, 222 F. 3d 1245, 1258 (10th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744.

The United States Constitution does not require that sentences be

proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1001. Therefore, successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore generally not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *Friday,* 200 F. Supp. 2d at 744. A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000). Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

     To the extent that petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin,* 501 U.S. at 996). Because petitioner had no

4

constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

In the present case, petitioner's sentence of twenty three months to five years for O.U.I.L., third offense was not only within the statutory maximum for this offense, but was also within the sentencing guidelines range of ten to twenty three months for this offense as well. In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. *Hastings v. Yukins,* 194 F. Supp. 2d at 673-74 (*citing to People v. Bailey*, 218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)). Because petitioner's sentence was within the statutory range for the offense, as well as within the recommended sentencing guidelines range, he is not entitled to habeas relief for his sentence. *Id.* Moreover, the Sixth Circuit has held that a sentence of twenty four months for a federal defendant convicted of driving under the influence of alcohol on federal property after three prior convictions was not an unreasonable sentence*. See United States v. Compton,* 47 Fed. Appx. 735, 737-38 (6th Cir. 2002). Because petitioner's sentence of twenty three months to five years was within the statutory limits for the crime of O.U.I.L., third offense, this Court will not set the sentence aside. *Friday,* 200 F. Supp. 2d at 745.

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will

5

also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claim to be debatable or that it should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 18, 2005, by electronic and/or ordinary mail.

> s/Josephine Chaffee
> Secretary/Deputy Clerk